**E-FILED**
Wednesday, 30 September, 2009  02:29:44 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

**LEVAIL GIVENS, K57839,**
        **Plaintiff,**

      **v.**                      **07-cv-2229**

**ROGER E. WALKER, JR.,**
**BASHIRAHMED AMEIJI, MARSHALL**
**KEYS, MARVIN COOLEY and**
**CHAPLAIN COLEMAN,**
        **Defendants.**

### MEMORANDUM OPINION AND ORDER

Before the court are the defendant, Dr. Bashir Ameji's summary judgment motion [61], the plaintiff's amended response [75] and the defendant's reply [80].

The defendant, Dr. Ameji objects to the plaintiff's amended response [61]. The court previously ordered the Plaintiff to respond to the pending motions for summary judgment by complying with Local Rule 7.1. In reviewing the plaintiff's Amended Response, the plaintiff again fails to comply with Local Rule 7.1. Specifically, the plaintiff does not respond to the undisputed statements of material fact in the manner set forth in the local rules. The defendant asserts that it is difficult to know exactly what the plaintiff intends by his amended response as the plaintiff lists certain paragraphs, such as paragraph 2, as an undisputed material fact and lists paragraph 2 as a disputed material statement of fact. This is true for many of the other paragraphs as well. The plaintiff has the same numbers in both sections of his amended response, so the defendant is unable to determine the meaning of the numbers. This poses a problem for the court also.

The court finds that the defendant's summary judgment motion also violates L. R. 7.1(D)(1)(b). For many of his undisputed facts, the defendant points to a supporting document, but does not appropriately reference the exhibit by page number and/or paragraph number. Not doing so would cause the court to have to hunt through the exhibits for the specific area of the document that supports the defendant's undisputed facts. There are some facts where both the defendant and the plaintiff do not point to a supporting document at all, but perhaps the document is somewhere among the exhibits. Courts are entitled to assistance from counsel, and an invitation to search without guidance is no more useful than a litigant's request to a district court at the summary judgment state to paw through the assembled discovery material. "Judges are not like pigs, hunting for truffles buried in' the record." *Albrechtsen v. Bd. of Regents,* 2002 WL 31397690 (7th Cir. 2002), *quoting United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991).

Further, the plaintiff provides many facts that do not bear directly on the legal issue raised by the summary judgment motion. This case is about medical care provided by Dr. Ameji while the plaintiff was at Danville Correctional Center. The plaintiff submits facts about medical care

provided at Menard, after he was transferred from Danville to Menard.  For example, he submits as a fact:  "I informed the medical staff that I want to get to the root of the problem, the medications are helping very little." The supporting document is a statement he made to medical staff at Menard CC after he was transferred from Danville. In other facts, the plaintiff references medical records and encounters he had with individuals at Menard.  One example, plaintiff claims he was diagnosed with an ulcer, points to an exhibit that does not indicate he was diagnosed with an ulcer.  It appears that the plaintiff was never diagnosed with an ulcer or treated for one while at Danville or any where else.  For several of his facts, the plaintiff references exhibits that do not support his assertion.  Further, several of the plaintiff's facts contain legal conclusions.  For example, he states that the defendant was deliberately indifferent several times in his statement of facts.  Further, the plaintiff has many improper denials. For example, he denies Dr. Ameji's opinion and diagnosis.  Clearly, the plaintiff can't deny Ameji's opinion unless he has some document that Dr. Ameji gave a different opinion at some other time and plaintiff can't deny the diagnosis that Dr. Ameji made.  Several times, the plaintiff is denying undisputed facts that are supported by his deposition.  Another example of an improper fact :  "On August 28, 2007, I was seen by the defendant for my symptoms.  He did nothing for me medically. said (sic) Defendant ordered the multi vitamins and high protein diet."  The plaintiff cannot have it both ways.  He cannot state that the doctor did nothing and at the same time advise the court that the defendant did do something.  A district court is not required to wade through improper denials and legal argument in search of a genuinely disputed fact.  *Smith v. Lamz*, 2003 WL 730093 * 2 (7th Cir. 2003), *quoting Bordelon v. Chicago Sch. Reform Bd. of Trustees* , 233 F.3d 524, 529 (7th Cir. 2000).

Based on the foregoing:

1.    Pursuant to L. R. 7.1(D)(1)(b), the defendant's summary judgment motion [61] is stricken.  The defendant's objection is sustained [79].  Pursuant to L. R. 7.1 (D)(2)(b), the plaintiff's amended response [75] is stricken.  The clerk of the court is directed to strike the defendant's summary judgment motion [61] and the plaintiff's amended response, forthwith.

2.    The defendant, Dr. Ameji is allowed 21 days to file an amended summary judgment motion that complies with L. R. 7.1(D)(b).  The plaintiff is allowed 21 days to file a response to the amended summary judgment that complies with L. R. 7.1(D)(2)(b).  The defendant is allowed 14 days to file a reply to the plaintiff's response.

3.    The clerk of the court is directed to mail a copy of Local Rule 7.1 to the plaintiff.

4.    A conference is scheduled for Wednesday, October 14, 2009 at 1:30 p.m., via video conference.

Enter this 30th  day of September 2009.


/s/ David G. Bernthal
_____
David G. Bernthal
United States Magistrate Judge